IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

**FILED**
AUG 21 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Dwyane Gray,
Plaintiff,

v.

Gary Miller, Judge
Marion County Superior Court # 3
Defendant.

Civil Action No:

1 : 23 -CV- 1 4 7 6 SEB -TAB

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff complains against Defendant as follows:

### INTRODUCTION

1. This is a civil action for Declaratory Judgment arising under the U, S. Constitution First Amendment right of access to court, the Fourteenth Amendment equal protection clause and Indiana's Constitution Article One Section 12 court access open. This is a First Amendment constitutional challenge to the action of a local state court judge that closed the court to every motion and pleading filed by the Plaintiff.

### JURISDICTION AND VENUE

2. This action arises under the First and Fourteenth Amendments to the United States Constitution, and is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over this. action pursuant to, and by virtue of, 28 U.S.C. §§ 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendant reside in this judicial district and/or a substantial part of the events or omissions giving rise to

1.

Plaintiff's claims occurred in this district. This Court is authorized to grant declaratory. judgment. under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through. Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

4. The plaintiff is a resident of Indianapolis, Marion County Indiana residing at 5567 W. 43' "Street, Indianapolis, Indiana 46254.

5. Defendant Gary Miller is a presiding judge in Marion County Superior Court #3 civil division located at Community Justice Campus 675 Justice Way Indianapo9lis, Indiana 46203

## FACTS

6. In his Complaint before Judge Miller, Plaintiff stated that on February 25, 2010, he and his wife entered into Occupancy Agreement with Three Fountains West Cooperative, Inc., and moved in on that date after making down payment in the amount of $1200.00 which down payment is referred to in the By-Laws of the Cooperative as the Value of Occupancy Agreement. Plaintiff and his wife occupied Unit #258 located at 5567 W. 43' "Street, Indianapolis, Indiana 46254.

7. On August 31, 2015, Three Fountain West employee was working on the plumbing, and broke pips that spread human feces and raw sewage over walls and floors and private property of plaintiff 's. The sewage water and human feces discharged in the home was so severe, plaintiff and his wife had to relocate to hotel.

8. On November 1, 2018, Defendant PPS of Indiana, LLC, filed Answer to Plaintiff's Complaint.

9. On February 8, 2019, Plaintiff filed his motion for summary judgment, Including designation of evidence in support of his motion and served a copy on Defendant PPS of Indiana LLC.

10. On February 19, 2019, the trial court issue an order denying Plaintiff's. Summary judgment motion without a response from PPS of Indiana LLC.

## FACTUAL ALLEGATION OF PLAINTIFF

11. The Defendant closing the courthouse door denied Plaintiff and no action. From the Commission on judicial qualification on his complaint violated his State constitutional rights, and his First and Fourteenth Amendment Constitutional rights.

## COUNT I

12. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Defendant trial judge never allowed plaintiff access to the court to address the nature of his complaint. Every motion and pleading were denied or rejected outright. Defendant's action caused an ineffective appeal of plaintiff's claims which were never fully developed or heard.

## COUNT II

13. Defendant's action violated Plaintiff First Amendment right to access to the court. Many of the Supreme Court's cases on due process and the right of access to courts have arisen. under the Fourteenth Amendment. The Court has held that, in limited circumstances, litigants. have a substantive due process right of access to state courts under the Fourteenth Amendment.

Cases further establish that a statute or a rule may be held constitutionally invalid as applied. when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question. In cases involving religious freedom, free speech or assembly, the Court has often held that valid. statute was unconstitutionally applied circumstances because it interfered with an individual's exercise of those rights. No less than these rights, the right to a meaningful opportunity to be heard within the limits of practicality, must be protected against denial by laws that operate to jeopardize it for individuals.

Article 1, Section 12 of Indiana's Constitution provides, "All courts shall be. open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

14. The local judge denial of each motion, including Plaintiff's Motion for Summary Judgment without a Response from the opposing party. The judge closed. the courthouse door, thus, denying Plaintiff access to the court, a violation of his constitutional rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff request the following relief:

1. Declare the Defendant' action on Plaintiff' complaint unconstitutional
2. Grant all other relief deemed just and proper

Respectfully Submitted

Dwyane E. Gray
5567 West 43rd Street,
Indianapolis, Indiana 46254
Plaintiff Pro Se