UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWAYNE GRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY MILLER Judge, Marion County )<br>Superior Court #3, )<br>)<br>Defendant. ) | No. 1:23-cv-01476-SEB-TAB |

# ORDER

Plaintiff Dwayne Gray ("Mr. Gray"), proceeding *pro se*, filed this lawsuit on August 21, 2023, pursuant to 42 U.S.C. § 1983, against Defendant Marion County Superior Court Judge Gary Miller ("Judge Miller"). Mr. Gray alleges that Judge Miller violated his state and federal constitutional rights in denying various motions in a separate, now-resolved state court action. Before the Court are Mr. Gray's motion for default judgment, dkt. 9, and motion "to allow uncontested summary judgment to be a part of final judgment relief," dkt. 10. However, because we lack subject matter jurisdiction over this litigation, we must **DISMISS** Mr. Gray's complaint in its entirety.

## BACKGROUND

Mr. Gray avers the following: On February 25, 2010, he and his wife entered into an Occupancy Agreement with Three Fountains West Cooperative, Inc. ("Three Fountains West") in Indianapolis, Indiana. On August 31, 2015, a Three Fountains West employee accidentally damaged a pipe while servicing the plumbing, causing sewage to enter Mr.

1

Gray's living unit and ruin several items of personal property. Due to the severity of damage, Mr. Gray and his wife were required to relocate to a hotel.

On November 1, 2018, a previously named defendant, PPS of Indiana, LLC, in Mr. Gray's state-court action (though Mr. Gray neither explains this state court defendant's relevance nor when he initiated his state court action) filed an answer in response to those allegations. Mr. Gray moved for summary judgment on February 8, 2019, which motion the presiding judge, Judge Miller, denied.

Though not pled in this federal complaint, Mr. Gray unsuccessfully appealed the denial of his summary judgment motion by Judge Miller. Thereafter, the state court defendant moved for and was granted summary judgment. Following the entry of final judgment by the state court on August 26, 2020, Mr. Gray again appealed to the Indiana Court of Appeals. On April 28, 2021, the appellate court affirmed the trial court's decision, noting that Mr. Gray not only failed to designate evidence in his Appendix, but he also failed to explain "how or why the trial court's grant of summary judgment was erroneous." *Gray v. Three Fountains West Cooperative, Inc.*, 168 N.E.3d 1073 (Ind. Ct. App. 2021) (unpublished) (mem. decision found at 2021 WL 1660907).[1]

On August 21, 2023, Mr. Gray sued Judge Miller in federal court, challenging the denial of his 2019 summary judgment motion and arguing that Judge Miller "clos[ed] the courthouse door," in violation of the First and Fourteenth Amendments to the United States

---

[1] Because "orders entered by a state court 'are public records,' " we properly take judicial notice of these facts. *Depuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 403 F.Supp.3d 690, 695 (S.D. Ind. 2019) (quoting *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018)).

Constitution and of Article I, Section 12 of the Indiana Constitution. Mr. Gray claims to have effected proper service and, because Judge Miller entered no appearance in this action, now moves for default judgment and uncontested summary judgment against him.

## DISCUSSION

We begin by noting that *pro se* complaints, such as the one filed by Mr. Gray, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Nevertheless, district courts have the inherent authority to review *pro se* complaints, regardless of filing fee status, to ensure that subject-matter jurisdiction exists and, if appropriate, "dismiss frivolous or transparently defective suits." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Consequently, a district court retains an enduring obligation to review its own jurisdiction *sua sponte*, and when no subject-matter jurisdiction exists, it must dismiss the action. *Ricketts v. Midwest Nat'l. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In evaluating jurisdiction, courts must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). If no subject-matter jurisdiction exists, "the court must dismiss the complaint in its entirety," without reviewing the merits of the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). While the Seventh Circuit generally prefers that district courts provide plaintiffs with an opportunity to amend legally deficient complaints, no such

allowance is necessary when "the jurisdictional defect is uncurable." *George v. Islamic Republic of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003).

I.    **The *Rooker-Feldman* Doctrine**

Federal district courts "are not vested with appellate authority over state courts." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). The *Rooker-Feldman* doctrine precludes "federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Id.* No matter how erroneous or unconstitutional a state court judgment may be, a federal district court simply has no lawful authority to review it. Rather, an aggrieved state court litigant must seek review through the state court system's appellate process and then directly to the United States Supreme Court. *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 603 (7th Cir. 2008); *see also* 28 U.S.C. § 1257 ("Final judgments . . . rendered by the highest court of a State . . . may be reviewed by the Supreme Court by writ of certiorari.").

Application of the *Rooker-Feldman* doctrine proceeds in two steps. First, we evaluate whether the plaintiff seeks to set aside a state court judgment or, instead, presents an independent claim. *Jakupovic v. Curran*, 850 F.3d 898, 902–03 (7th Cir. 2017). Claims directly seeking "to set aside a state court judgment are *de facto* appeals that are barred without further analysis." *Id.* at 902. "Inextricably intertwined" claims, alleging either an injury caused by the state court judgment or, alternatively, an independent, preexisting injury that the state court failed to remedy, are also impermissible. *Sykes*, 837 F.3d at 742

4

(internal citation omitted). In other words, a state court judgment is "inextricably intertwined" with the federal court lawsuit when there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Id.*

Essentially, our core concern is whether we are being called upon to review a state court decision. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). If the plaintiff's claims are not independent from the state court judgment, the *Rooker-Feldman* analysis proceeds to step two, requiring the court to evaluate whether the plaintiff had a "reasonable opportunity to raise the issue in state court proceedings." *Jakupovic*, 850 F.3d at 902. The "reasonable opportunity" inquiry engages the "difficulties caused by 'factors independent of the actions of the opposing parties that precluded' a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534–35 (7th Cir. 2004) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)).

The *Rooker-Feldman* doctrine is limited: It applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). When "the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004).

Here, the *Rooker-Feldman* doctrine plainly forecloses federal jurisdiction over Mr. Gray's complaint. Mr. Gray alleges that Judge Miller's "denial of each motion," including

5

a motion for summary judgment, "closed. [sic] the courthouse door, thus, denying [him] access to the court, a violation of his constitutional rights." Compl. ¶ 14, dkt. 1. However, in challenging the disposition of his state-court action, Mr. Gray invites us to review the merits of the state-court's decision, which invitation we must reject outright. Mr. Gray's alleged constitutional injuries arise from and cannot be isolated from the state-court judgment, thereby making them "inextricably intertwined."

As for the second step, we find that Mr. Gray had "reasonable opportunity" to pursue these arguments in both the trial and appellate court. According to the state trial court docket (of which we have properly taken judicial notice), Mr. Gray moved to set aside/vacate the denial, and when Judge Miller rejected that motion, he unsuccessfully attempted to appeal. Thereafter, Judge Miller granted the state court defendant's motion for summary judgment, and, upon entry of final judgment, Mr. Gray lost a second appeal. On this procedural history, we are satisfied that Mr. Gray has had reasonable (if not abundant) opportunity to develop these arguments in state court. *Bauer v. Koester*, 951 F.3d 863, 868 (7th Cir. 2020). Accordingly, the *Rooker-Feldman* doctrine instructs that we lack subject-matter jurisdiction over Mr. Gray's lawsuit.

**II.    Standing**

Though *Rooker-Feldman* alone counsels dismissal, we must also deny Mr. Gray the relief he seeks—here, declaratory judgment—on the basis of a lack of standing. "A plaintiff lacks standing to seek declaratory judgment where a declaration of the parties' legal rights will provide no relief." *Thompson v. Ortiz*, 619 F. App'x 542, 544 (7th Cir. 2015); *see also Berlin v. Maijias*, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("When a request

6

for a declaratory judgment against a state court judge who is entitled to absolute immunity only concerns allegations of retrospective misconduct, with no continuing violation of federal law, the request for declaratory judgment must be dismissed."). Because the proceedings before Judge Miller have long ago concluded, Mr. Gray "has no continuing relationship" with Judge Miller, and declaratory judgment would provide no relief. *Thompson*, 619 F. App'x at 544.

## CONCLUSION

For the reasons explicated above, Mr. Gray's complaint is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. Mr. Gray's pending motions, dkt. 9, 10, are **DENIED** as moot.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

Date: 11/21/2023

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DWAYNE GRAY
5567 W. 43rd St.
Indianapolis, IN 46254